IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



NASER JABER and
GLOBAL TRADERS, LLC, d/b/a
JY DEVELOPMENT                                                    PLAINTIFFS

V.                                               CIVIL ACTION NO: _3:18cv781DPJ-FKB_

CITY OF MADISON, MISSISSIPPI                                      DEFENDANT

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND OTHER RELIEF

COMES NOW, Naser Jaber and Global Traders, LLC, d/b/a JY Development, by and

through their undersigned counsel, and brings this action against the City of Madison,

Mississippi, pursuant to the Constitutions of the United States and of Mississippi, as well as

under 42 U.S.C. § 1985(3), and 42 U.S.C. § 1983, et seq.  The Plaintiffs contend that the

Defendant's actions constitute a taking and violated Plaintiff's substantive due process rights

under the Fifth and Fourteenth Amendments to the United States Constitution and  their Equal

Protection rights, under the Fourteenth Amendment.  Additionally, Defendant violated Plaintiffs'

rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).  Plaintiffs seek a declaratory judgment, a

preliminary injunction, a permanent injunction, and attorney's fees, and Plaintiffs further bring

claims based upon Mississippi state jurisprudence of violations of state law and of the

Mississippi State Constitution.

## PARTIES

1.      Mr. Naser Jaber is a resident of Madison County and the owner of certain real

estate located within the City of Madison.

1

2.      Global Traders, LLC, d/b/a JY Development, is a Mississippi limited liability company doing business in Mississippi and incorporated under the laws of this State which is registered with the Mississippi Secretary of State and in good standing.

3.      Defendant the City of Madison, Mississippi ("Madison"), is a municipal corporation incorporated and organized under the laws of this State, and Madison may be served with process in accordance with the Federal Rules of Civil Procedure. Madison is an entity with the capacity to sue and be sued in its common name under applicable law.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over the subject matter and the parties of this civil action by way of 28 U.S.C. § 1331 because of the existence of a federal question and by way of 42 U.S.C. §§ 1983 and 1985(3). Further, this Court has pendant jurisdiction over the state-law claims alleged and jurisdiction over the Defendant, as Defendant is deemed to reside within this Court's judicial district.

5.      Venue is properly fixed in this division and district pursuant to 28 U.S.C. § 1391 since this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, in which a substantial part of property that is the subject of the action is situated, and in which the Defendant is subject to the court's personal jurisdiction. Additionally, this is the judicial district in which the Defendant is deemed to reside as Madison is subject to the court's personal jurisdiction with respect to this civil action.

## FACTS

6.      Mr. Naser Jaber is the owner of record of certain real estate located within the

City of Madison, specifically Parcel No. 072C-05D-003/02.15, also known as "Lot 14, North Place S/D PT 1A," as recorded in the Madison County land records at book 3384, page 444, on or about Aug. 29, 2016. (See deed, attached hereto "Exhibit A.") Lot 14 is located on Hawthorne Drive in the City of Madison.

7.      Lot 14 is adjacent to the Illinois Central Gulf Railroad tracks, which run in a north-northeasterly direction along the rear of Lot 14 as well as along the rear of twenty-one (21) other, rectangular, residential lots located on Hawthorne Drive. (See map, attached hereto as "Exhibit B.")

8.      Lot 14 is a rectangular lot which is one-hundred, seventy-seven point four-six (177.46) feet long. (See Exhibit B.)

9.      Lot 14 is one of twenty-two (22) rectangular, residential lots located on Hawthorne Drive which have the railroad tracks running along the rear of the lots. (See Exhibit B.)

10.      Global Traders, LLC, d/b/a JY Development is in the business of "New Single-Family Housing Construction (except For-Sale Builders)," as registered with the Secretary of State. Naser Jaber is the Manager and President of Global Traders, LLC, d/b/a JY Development.

11.      Mr. Jaber and JY Development hoped to construct an 1,825 square-foot, single-family home upon Lot 14. However, the City of Madison through its building official Ms. Kianca Stringfellow, informed Mr. Jaber that he could not construct a building on the lot because the City had a setback requirement prohibiting any construction within two-hundred, fifty feet (250') of a railroad track. The City's railroad setback had previously been one-hundred, twenty-five feet (125') at one point in time, but was later changed by ordinance and enlarged.

12.      Mr. Jaber had consulted with Ms. Stringfellow in person at the office prior to the

purchase of Lot 14. The specific purpose of the meeting was to review any setbacks that would hinder the construction of a home. Ms. Stringfellow reviewed the setbacks (front and rear) and reviewed the building plans that Mr. Jaber was considering purchasing (which he did later purchase at substantial cost), and Ms. Stringfellow indicated that she did not see any setbacks that would prevent the construction of the home. Neither she nor anyone else in her office was aware of the railroad setback change.

13.     The City's resulting, 250-foot setback requirement – being longer than the actual Lot 14 – permits no construction whatsoever on Lot 14.

14.     For this reason, Mr. Jaber and JY Development applied for a variance from the setback requirements from the City, asking that the setback distance for Lot 14 be reduced to one-hundred, twenty-five feet (125') (although the City's Board of Aldermen minutes would reflect a requested change to one-hundred, one feet (101'), this was not Mr. Jaber's actual request). Mr. Jaber and JY Development are simply trying to get this lot "grandfathered" to the setbacks used when the subdivision plat was recorded by the City, in or around 1981.

15.     When the matter came before the Madison Planning & Zoning Commission, the Commission voted to recommend to the Board of Aldermen approval of the variance request.

16.     On March 20, 2018, at the regular meeting of the Mayor and Board of Aldermen of Madison, upon recommendation of the Mayor, the Board voted to deny the Plaintiffs' setback variance request. (Please see Board meeting minutes, attached hereto as "Exhibit C.")

17.     The minutes, in pertinent part, reflect the following:

The request of J. V. Development (sic), Nasar Jaber, Applicant, was presented by Ms. Stringfellow who explained that the applicant desires to construct an 1,825 square foot home on Lot 12 (sic), 252 Hawthorne Drive in North Place Subdivision and is asking for a reduction in railroad setback from 250' to 101' (sic). It was noted that the original railroad setback requirement was 125, but the

4

ordinance was changed to 250' some time ago for safety reasons. It was also noted that the Planning and Zoning Commission recommended approval of Mr. Naber's (sic) request.

Mayor Hawkins Butler stated that she felt granting approval for a setback of only 101' would allow construction of the home to be too close to the railroad track and unsafe. She also indicated that she did not wish to set a precedent by approving this request and would recommend upholding the 250' setback requirement as outlined in the ordinance. Alderman Tatum made the motion to deny approval of this variance request and uphold the ordinance. Alderman Peeler seconded the motions. The vote was unanimous in favor of denial and Mayor Hawkins Butler declared the motions carried.

(See Exhibit C.)

18.     During the March 20 meeting, and during subsequent telephone discussions with the Mayor and other City officials, Mr. Jaber had also offered a proposal to mitigate any safety concerns with a fence or other barrier. The Mayor refused this proposal altogether.

19.     The North Place of Madison residential subdivision is almost completely and fully built out, and all of the twenty-one (21) other, rectangular, residential lots located on Hawthorne Drive along the railroad tracks are much shorter than two-hundred feet, and all of those lots have a home built on them. (See Exhibit B.)

20.     The City's denial of the setback variance request means that no construction whatsoever can take place on Lot 14, despite the fact that more than twenty other homes have been constructed on similarly sized lots in the subdivision, all of which are between Hawthorne Drive and the railroad.

21.     As a result of the City's action, Plaintiffs can neither build on, nor sell the lot. The City has effectively stripped the land belonging to Plaintiffs of all of its use and value. The City has removed all economically viable uses of the Plaintiffs' property and deprived Plaintiffs of their property without just compensation.

5

22.     Additionally, Mr. Jaber has spent significant amounts, including having already purchased building plans through Design Studio for this lot at a cost of one-thousand, eight-hundred dollars ($1,800). Mr. Jaber has also paid all of the back taxes totaling nearly seven thousand dollars ($7,000). The annual taxes (which are assessed as residential even though nothing can be built) are also current.

23.     Believing the matter to be a misunderstanding, Plaintiffs made previous, unsuccessful attempts to resolve the matter with the City without the necessity of litigation; these efforts failed due to Madison's stonewalling efforts. Madison has wholly failed to provide Plaintiffs the substantive due process to which Plaintiffs are entitled.

24.     Madison's actions and the 250-foot setback have resulted in a loss of past, present, and future income to the Plaintiffs and a loss of their own property rights, as well as loss of time and other money, which Plaintiffs may have earned, had the Defendant Madison not committed its unlawful practices.

25.     Plaintiffs seek relief via a declaration that the City's actions constitute an illegal zoning change and are unconstitutional and that the City has failed to provide due process of law and equal protection of the laws to the Plaintiffs in its actions.

26.     This is an illegal action by the Defendant Madison in violation of the Plaintiff's rights. The City's action as reflected in the March 20, 2018 minutes exceeds the City's constitutional and statutory authority.

27.     The actions of Madison, through its elected officials, towards Plaintiffs, are all in violation of Plaintiffs' property rights secured under the U. S. Constitution, as well as under the Mississippi Constitution. Specifically, Madison's actions under these circumstances violate Plaintiffs' rights under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983, et seq. and

6

42 U.S.C. § 1985(3), as well as Section 14 of the Mississippi Constitution.

## CAUSES OF ACTION

### Count I – Declaratory Judgment of an Illegal Zoning Change and Preliminary and Permanent Injunctions

28.     Plaintiffs re-allege and incorporate all previous allegations contained herein, above, in paragraphs 1 through 27.

29.     The acts of the Defendant the City of Madison in its March 20 vote, as reflected in its minutes, are illegal.  Plaintiffs seek a declaration that the City's actions violate Plaintiffs' rights as pleaded herein and constitute an illegal and unconstitutional zoning change and that the City has failed to provide Plaintiffs substantive due process of law and equal protection of the laws to the Plaintiffs in its actions.

30.     Plaintiffs thus seek a preliminary and a permanent injunction, preventing Defendant Madison from withholding the approval of the setback variance request to which Plaintiffs are lawfully entitled.

31.     As a direct and proximate consequence and result of the City's actions, Plaintiffs will suffer damages which include loss of income and their own property rights, as well as loss of time and other money, which Plaintiffs may have earned had the Defendant Madison not committed its unlawful practices.

### Count II – Violation of Substantive Due Process Guaranteed by the Fifth and Fourteenth Amendments and the Mississippi Constitution; Violation of 42 U.S.C. § 1983

32.     Plaintiffs re-allege and incorporate all previous allegations contained herein,

above, in paragraphs 1 through 31.

33. The act of the Defendant the City of Madison in its March 20 vote, as reflected in its minutes, constitutes an illegal zoning change, in that there was a de facto change in permitted use without providing notice and a public hearing as required by Mississippi law or specifically providing Plaintiffs notice or the opportunity to be heard. The actions of the Mayor and Board of Aldermen were arbitrary and capricious, and no rational relationship exists between the City's action and a conceivable legitimate governmental interest or objective.

34. The City's arbitrary and capricious actions violate Plaintiffs' rights and constitute an illegal and unconstitutional zoning change and a taking, and the City has failed to provide substantive due process of law to the Plaintiffs in that there was no rational basis for the City's actions to achieve a legitimate governmental interest.

35. Because Plaintiffs, as owner of the property, have been deprived of every economically viable use of their land, the City's actions and denial of the setback variance request violate the "Takings Clause" of the Fifth Amendment. See *Bryan v. City of Madison*, 130 F. Supp. 2d 798, 808-09 (S.D. Miss. 1999).

36. Plaintiffs have a protected property interest in their land. Madison, by and through its elected officials, arbitrarily and unreasonably voted, and recorded its minutes to reflect that it voted, to prevent Plaintiffs from having any use whatsoever of Plaintiffs' real property, all without just compensation and in violation of Plaintiffs' substantive due process rights secured under the U.S. Constitution and 42 U.S.C. §1983, et seq., as well as under Section 14 of the Mississippi Constitution. Madison's actions constitute interference with Plaintiffs' peaceful possession of their property and infringement on Plaintiffs' use and enjoyment of the property. Plaintiffs have been deprived of their property without just compensation.

8

37.     This violation of substantive due process was conducted by the elected officials of Madison under color of law.  Madison has deprived Plaintiffs of their rights secured under the Constitution of the United States and Mississippi.  This also violates 42 U.S.C. § 1983.  The actions of Madison were so unreasonable that any reasonable person in its circumstances would have known that the City's conduct violated the United States Constitution or federal statute.

38.     As a direct and proximate consequence and result of the City's actions, Plaintiffs will suffer damages which include loss of income and their own property rights, as well as loss of time and other money, which Plaintiffs may have earned had the Defendant Madison not committed its unlawful practices.  Thus, Plaintiffs are due just compensation under the law.

39.     Madison, acting under color of state law, has subjected the Plaintiffs to a deprivation of their rights secured by the U.S. and Mississippi Constitutions, and this deprivation is actionable independent of state law under 42 U.S.C. § 1983.  Plaintiffs are persons within the meaning of the law and subject to jurisdiction of this Court, and there is no adequate remedy at state law for this violation.  And, as pleaded herein, Madison's conduct was intentional, grossly negligent, and amounted to reckless or callous indifference to the Constitutional rights of Plaintiffs.

### Count III – Violation of Equal Protection of the Laws Guaranteed by the Fourteenth Amendment; Violation of U.S.C. §§ 1983 and 1985(3)

40.     Plaintiffs re-allege and incorporate all previous allegations contained herein, above, in paragraphs 1 through 39.

41.     The acts of the Defendant the City of Madison in its March 20 vote, as reflected in its minutes, constitutes an illegal zoning change, in that there was a de facto change in

permitted and conditional uses.

42.     The City's actions violate Plaintiffs' rights and constitute an illegal and unconstitutional zoning change, and the City has failed to provide Plaintiffs equal protection of the laws to the Plaintiffs in its actions.

43.     Plaintiffs had a right to Equal Protection of the law, guaranteed by the Fourteenth Amendment to the United States Constitution, not to be treated differently by Madison than other similarly situated homeowners and/or developers doing business inside the City.

44.     This violation of the Equal Protection rights of Plaintiffs was conducted by the elected officials of Madison under the color of law.  Plaintiffs' rights secured under the Constitution, 42 U.S.C. §§ 1983 and 1985, et seq., to be treated equally have been violated. Madison has engaged in disparate treatment of the Plaintiffs in that no other property along Hawthorne Drive with the same dimensional restrictions in the City of Madison is subjected to the setback denial by the Board of Aldermen.  The actions of Madison were so unreasonable that any reasonable person in its circumstances would have known that its conduct violated the United States Constitution or federal statute.

45.     Defendant's actions create liability for its disparate impact on the Plaintiffs, or using a practice that falls more harshly on one group than another similarly situated and cannot be justified by business necessity or legitimate government interest or objective.

46.     As a direct and proximate consequence and result of the City's actions, Plaintiffs will suffer damages which include loss of income and their own property rights, as well as loss of time and other money, which Plaintiffs would have earned had the Defendant Madison not committed its unlawful practices.

47.     Madison, acting under color of state law, has subjected the Plaintiffs to a

deprivation of their rights secured by the U.S. and Mississippi Constitutions, and this deprivation is actionable independent of state law under 42 U.S.C. § 1983.  Plaintiffs are persons within the meaning of the law and subject to jurisdiction of this Court, and there is no adequate remedy at state law for this violation.  And, as pleaded herein, Madison's conduct was intentional, grossly negligent, and amounted to reckless or callous indifference to the Constitutional rights of Plaintiffs.

### Count IV – Temporary Restraining Order and Equitable and Judicial Estoppel

48.     Plaintiffs re-allege and incorporates all previous allegations contained herein, above, in paragraphs 1 through 47.

49.     As a result, Plaintiffs have suffered a loss and  are hindered in the operation of their business, caused by Defendant Madison's conduct, and Defendant's actions create liability under Mississippi law.

50.     As a direct and proximate consequence and result of the City's actions, Plaintiffs will suffer damages which include loss of income and their own property rights, as well as loss of time and other money, which Plaintiffs would have earned had the Defendant Madison not committed its unlawful practices.

51.     Madison's actions have resulted in a loss of past, present, and future income to the Plaintiffs and a loss of their own property rights, as well as loss of time and other money, which Plaintiffs would have earned had the Defendant Madison not committed its unlawful practices.

52.     Thus, this Court should enter a temporary restraining order preventing Defendant from upholding the 250-foot setback and/or retaliating against Plaintiffs in the future and from withholding from Plaintiffs any needed approvals or permits to which Plaintiffs may be lawfully

entitled, and preventing the Plaintiffs from having their full rights in their real property.  If Madison's actions stand, 1) there is a substantial likelihood that immediate and irreparable injury, loss, or damage will result to Plaintiffs, 2) there will be a minimal and lessor likelihood of irreparable injury to Plaintiffs if the temporary restraining order is granted, 3) there is a substantial likelihood Plaintiffs will succeed on the merits, and 4) the granting of this temporary restraining order will not disserve the public interest.

## **RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court will set this matter for hearing, for both a preliminary and a permanent injunction, and for all of the following relief prayed for, herein.

PLAINTIFFS FURTHER PRAY that this Court will enter a judgment in their favor and against the Defendant and all claims brought and provide them with the following relief:

a) Enter a declaratory judgment declaring that the Defendant willfully and wrongfully violated its statutory and legal obligations, exceeded its lawful authority, and deprived Plaintiffs of their rights, privileges, protections, compensations and entitlements under the law;

b) Award Plaintiffs a declaration that the City's actions constitute an illegal zoning change and a taking, exceeding Madison's lawful authority, and are unconstitutional;

c) Award Plaintiffs a declaration that the City has failed to provide substantive due process of law and equal protection of the laws to the Plaintiffs in its actions;

d) Permanently and temporarily enjoin the Defendant from retaliating against

12

Plaintiffs in the future and from withholding from Plaintiffs any needed approvals or permits to which they may be lawfully entitled;

e)     Permanently and temporarily enjoin the Defendant from upholding the 250-foot setback;

f)     Award Plaintiffs compensatory damages which include loss of past, present, and future, income and their own property rights, as well as loss of time and other money, which Plaintiffs would have earned had the Defendant Madison not committed its unlawful practices;

g)     Award Plaintiffs punitive damages against Defendant, for each violation of 42 U.S.C. §§ 1983 and 1985, including interest;

h)     Award Plaintiffs a temporary restraining order preventing Defendant from retaliating against Plaintiffs in the future and from withholding from Plaintiffs any needed approvals or permits to which they may be lawfully entitled;

i)     Award Plaintiffs reasonable attorney's fees and costs of its action;

j)     Award Plaintiffs any other relief as may be proper including front pay; and

k)     Any other equitable relief award from this Court.

Respectfully submitted, this the 6th day of November, 2018.

> Naser Jaber and
> Global Traders, LLC, d/b/a JY Development
> PLAINTIFFS
>
> By: Mills, Scanlon, Dye & Pittman
>
> By: _____
>      John P. Scanlon,
>      One of its attorneys

13

**OF COUNSEL:**

John P. Scanlon, Esq. [MSB # 101943]
Jerry L. Mills, Esq. [MSB #3324]
Mills, Scanlon, Dye & Pittman
800 Avery Blvd. North, Suite 101
Ridgeland, MS 39157
Telephone:  (601)957-2600
Facsimile:  (601)957-7440
jscanlon@pdmd.biz
jmills@pdmd.biz